**Fill in this information to identify your case:**

Debtor 1  AARON   M   PRIETO
          First Name    Middle Name    Last Name

Debtor 2  JAMIE   MICHELLE   PRIETO
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: District of UTAH
                                        (State)

Case number  24-22830
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____
_____

Official Form 113

# Chapter 13 Plan                                                                                              12/17

### Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ☐ Included | ☒ Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8** | ☒ Included | ☐ Not included |

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$1,100 per month for 36 months.

Debtor  AARON & JAMIE PRIETO                                                              Case number  24-22830

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113                           **Chapter 13 Plan**                                                 Page 1

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):_____.

**2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☒ Debtor(s) will treat income tax refunds as follows:

The following tax years are proposed to be contributed 2024-2026.  On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns.  Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed.

The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors.

The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000.  However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan.

For the first tax year contribution 2024, the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount.  If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee.  The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund.  If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e).  If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case.  The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000

**2.4 Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
_____

_____

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $60,469.

Official Form 113                           **Chapter 13 Plan**                                                 Page 2

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below.  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payment by Trustee |
|---|---|---|---|---|---|---|
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | | | |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of under secured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Estimated amount of creditor's total claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate | Monthly Payment to Creditor | Estimated Total of Monthly Payments |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly Plan Payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| APG FINANCIAL | 2016 ACURA MDX | $29,479 | 8% | $630<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $35,420 |
| APG FINANCIAL | 2013 BUICK VERANO | $12,059 | 8% | $260<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $14,489 |

**3.4 Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|
| **Name of creditor**<br>_____<br>**Collateral**<br>_____<br>**Lien identification** (such as judgment date, date of lien recording, book and page number) | a. Amount of lien $_____<br><br>b. Amount of all other liens $_____<br><br>c. Value of claimed exemptions + $_____<br><br>d. Total of adding lines a, b, and c $_____<br><br>e. Value of debtor(s)' interest in property − $_____ | **Amount of secured claim after avoidance** (line a minus line f)<br>$_____<br><br>**Interest rate** (if applicable)<br>_____ %<br><br>**Monthly payment on secured claim**<br>$_____ |

_____

_____

f. Subtract line e from line d.   $_____

**Estimated total payments on secured claim**
$_____

Extent of exemption impairment  (*Check applicable box*):

☐  **Line f is equal to or greater than line a**.

The entire lien is avoided. *(Do not complete the next column.)*

☐  **Line f is less than line a.**

A portion of the lien is avoided. (*Complete the next column.*)

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**  *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim.  The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

## Part 4:  Treatment of Fees and Priority Claims

**4.1  General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**  Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments; and during the plan term, they are estimated to total $5,497.

**4.3  Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,563.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced*.

☐ The debtor(s) estimate the total amount of other priority claims to be _____.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**  *Check one.*

Debtor AARON & JAMIE PRIETO                                               Case number 24-22830

☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed.*

---

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☒ The sum of $1,500.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payment by trustee |
|---|---|---|---|
|  | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) |  |  |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ |
| _____ | _____ | $_____ | _____% | $_____ |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treat of arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|
|  |  | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) |  |  |  |

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon** *Check the applicable box:*

☐ plan confirmation.

☐ entry of discharge.

☒ other:  The income of the debtor shall remain property of the estate throughout the bankruptcy and not vest in the debtor pursuant to 11 U.S.C. Section 1327(b). The debtor's remaining property will vest upon confirmation.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

(a) Any order confirming this Plan shall constitute a binding determination that the Debtors have timely filed all of the information required by 11 U.S.C. § 521(a)(1).

(b) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0 % per annum if no interest rate is specified. This includes, but is not limited to, any offices of the State of Utah.

(c) If the debtor(s) owe a debt secured by real property, and if relief from automatic stay is granted at any time during the pendency of this case, and if the property is foreclosed upon during the pendency of this case, then any unsecured deficiency claim arising from such foreclosure or trustee's sale shall be discharged under $1328 upon completion of the plan.

(d) Adequate Protection Payments. If the debtor seeks to pay Adequate Protection Payments to holders of secured claims in Part 3 above, the requirements of Local Rule 2083-1(d) apply and the attached Notice of Adequate Protection Payments will identify the collateral.

(e) Adequate Protection Creditors in Paragraphs 3.1, 3.2 and 3.3 above:

  a. APG FINANCIAL-2016 ACURA MDX
  b. APG FINANCIAL- 2013 BUICK VERANO

(f) Applicable Commitment Period. The applicable commitment period for the Plan is 36 months for below median cases and 60 months for above median cases, as required by § 1325(b)(4). The number of months listed in Part 2.1 for which the debtor will make regular payments is an estimate only; the applicable commitment period stated here dictates the term of the Plan. Any below median case may be extended as necessary not to exceed 60 months to complete the Plan payments. THE APPLICABLE COMMITMENT PERIOD IS 36 MONTHS.

(g) Direct Payment of Claims. If the debtor elects to pay a claim directly and that claim is not one which the Plan allows to be paid directly, the direct payment designation will be listed below as a nonstandard provision. For all claims the debtor elects to pay directly, Local Rule 2083-2(i)(4) applies.

Claims to Be Paid Directly:

(h) Third-Party Payment of Claims. If the Plan provides that a non-debtor shall pay a claim directly, the third-party payment designation will be listed below as a nonstandard provision. For all claims the Plan provides will be paid by a third party, Local Rule 2083-2(k)(1) may apply. Upon request, the debtor must furnish the name and contact information for the third-party payor.

Claims to Be Paid by a Third Party:

(i) Lien Avoidance Under § 522(f). If the debtor moves to avoid a lien under §522(f), Local Rule 2083-2(j) applies.

(j) Interest on Oversecured Claims. If the debtor proposes to pay an oversecured claim a nonstandard rate of interest or interest accruing prior to confirmation of the Plan, such nonstandard treatment must be specifically stated below, including the identity of the secured creditor and the proposed interest rate accrual.

Claims to be Paid Interest on Oversecured Claims:

(k) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

**Part 9:   Signature(s):**

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

✘ _/S/  ARRON M PRIETO_                              ✘ _/S/ JAMIE  MICHELLE PRIETO_
Signature of Debtor 1                                  Signature of Debtor 2

   Executed on 06/10/2024                                Executed on 06/10/2024

Debtor  AARON & JAMIE PRIETO                                              Case number  24-22830
MM / DD / YYYY                                                             MM / DD / YYYY

✗ ___/S/ JAIME G. RICHARDS___      Date     06/10/2024
Signature of Attorney for Debtor(s)              MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | $_____ |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*) | $ |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | $49,9090 |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | $_____ |
| e. | **Fees and priority claims** (*Part 4 total*) | $9,060 |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | $1,500 |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $_____ |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $_____ |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*) | $_____ |
| j. | **Nonstandard payments** *(Part 8, total)*       + | $_____ |
| | **Total of lines a through j** | $60,469 |

Official Form 113    **Chapter 13 Plan – Exhibit**                                                                                             Page 1

Jaime G. Richards (USB #15017)

Kevin G. Richards (USB #5339)

**Richards, Brinley & Richards**

**Law Group, LLC**

Attorney for Debtors

2562 MONROE BLVD.

Ogden, Utah 84401

Tel: (801) 621-7443

Fax: (801) 621-1122

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| IN RE:<br><br>AARON M PRIETO<br>JAMIE MICHELLE PRIETO<br><br><br>Debtors. | Case No. 24-22830<br><br>Chapter 13<br><br>Honorable<br><br><br>(ELECTRONICALLY FILED) |
|---|---|

**NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326(a) AND OPPORTUNITY TO OBJECT**

_____

The Debtor states as follows:

1. On [ ], the Debtor(s) filed a Chapter 13 petition for relief.

2. The Debtor proposes to make Adequate Protection Payments, pursuant to § 1326(a)(1)(C) accruing with the initial plan payment which is due no later than the originally scheduled meeting of creditors under § 341 and continuing to accrue on

the first day of each month thereafter, to the holders of the allowed secured claims in the amounts specified below:

| SECURED CLAIM | COLLATERAL DESCRIPTION | MONTHLY ADEQUATE PROTECTION PAYMENT AMOUNT | NUMBER OF MONTH TO PAY ADEQUATE PROTECTION |
|---|---|---|---|
| APG FINANCIAL | 2016 ACURA MDX | $130 | 6 |
| APG FINANCIAL | 2013 BUICK VERANO | $50 | 6 |

3. The monthly plan payments proposed by the Debtor(s) shall include the amount necessary to pay all Adequate Protection Payments and the amount necessary to pay the Trustee's statutory fee.

4. Upon completion of the Adequate Protection Payment period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5. This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtor or otherwise ordered by the Court.

6. Objections, if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

DATED 06/10/2024

/s/ Jaime G. Richards
Jaime G. Richards
Attorney for Debtors